IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOANNE MITCHAM,

    Plaintiff,

v.                                        Civil Action No. 5:06CV81
                                                       (STAMP)

SHARON M. ANDERSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The above-styled civil action arises out of a motor vehicle accident that occurred on June 1, 2004 between the plaintiff, JoAnne Mitcham ("Mitcham"), and the defendant, Sharon Anderson ("Anderson"). On May 23, 2006, the plaintiff filed a complaint in the Circuit Court of Ohio County, West Virginia alleging that the defendant negligently caused the accident and that the plaintiff suffered resulting physical and emotional injuries. On June 29, 2006, the defendant removed the cause of action to this Court. On July 21, 2006, the plaintiff filed a motion to remand.

II.  Facts

Plaintiff alleges that on June 1, 2004, on a public road known as Route 2 in Wheeling, West Virginia, the defendant negligently drove her motor vehicle into the motor vehicle being operated by the plaintiff. Plaintiff asserts that the defendant failed to keep a proper lookout, failed to maintain control of her vehicle, failed

to maintain an assured clear distance ahead, and failed to stop. Plaintiff claims that as a direct and proximate result of the defendant's alleged negligence, she has suffered physical, emotional, and economic injuries. As relief, the plaintiff seeks general and compensatory damages.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## IV. Discussion

In her motion to remand, the plaintiff does not deny that diversity exists, because she is a citizen of West Virginia and the defendant is a citizen of Ohio. Rather, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is

in excess of $75,000.00, exclusive of interests and costs.  This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995).  This burden of proof requires the defendant to produce evidence establishing that the actual amount in controversy exceeds $75,000.00, exclusive of interests and costs.  See id.

In this case, the defendant argues that the amount in controversy is met because the complaint alleges that the plaintiff's physical and mental injuries are serious and permanent and that she has suffered a resulting loss of past and future wages.  The defendant correctly asserts that, in the absence of an ad damnum clause in the complaint which specifically states the plaintiff's good faith estimation of the amount in controversy, these kind of allegations are evidence in support of the

defendant's contention that the amount in controversy is in excess of the jurisdictional limit. See Sayre v. Potts, 32 F. Supp. 2d 881, 887 (S.D. W. Va. 1999). However, those allegations, standing alone, do not satisfy the defendant's burden. See id.

The contents of a plaintiff's "notice pleading" complaint is merely a starting point for ascertaining the amount in controversy. See id. A defendant seeking removal must supply competent evidence to support his contention that the amount in controversy is exceeded. In this case, the defendant has failed to offer sufficient proof that the requisite jurisdictional amount has been satisfied. In fact, the defendant has offered no tangible evidence beyond her reliance on the contents of plaintiff's complaint to support the assertion that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

Accordingly, the plaintiff's motion to remand must be granted at this time. Nothing prevents the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be

---

[1] Obviously, the case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(b).

4

REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:    September 27, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE